**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-40826
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSÉ PABLO RIOS-RAMIREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-750-1
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    José Pablo Rios-Ramirez appeals his guilty plea conviction
and sentence for importing more than five kilograms of cocaine in
violation of 21 U.S.C. §§ 952 and 960.  Rios contends that he was
entitled to a "mitigating role" sentence reduction under U.S.S.G.
§ 3B1.2 because he was a "mere courier."  His role as a courier
does not alone entitle him to a reduction under § 3B1.2, and the
district court did not clearly err by declining to award the
reduction where Rios transported over 30 kilograms of cocaine
into the United States in exchange for a negotiated fee of at

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

least $10,000.  See United States v. Buenrostro, 868 F.2d 135, 137-38 (5th Cir. 1989).

Rios also contends that the statutes under which he was convicted are facially unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).  As Rios acknowledges, his contention is foreclosed by this court's precedent, and he raises the issue solely to preserve it for possible Supreme Court review.  See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).

The district court's judgment is AFFIRMED.